UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| BILL VanGILDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:03-CV-55-JVB-APR |
| | ) | |
| BRIAN BAKER, individually and | ) | |
| in his representative capacity as | ) | |
| an Officer of the Lafayette Police | ) | |
| Department, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION, AND ORDER

This matter is before the Court on the motion *in limine* [DE 105] filed by Plaintiff Bill

VanGilder ("Plaintiff" or "VanGilder") on May 16, 2008 and the motion *in limine* [DE 102] filed

by Defendant Brian Baker ("Defendant" or "Officer Baker") on May 15, 2008.  At the Final

Pretrial Conference on May 21, 2008, Plaintiff's counsel indicated that he would file a response

to Defendant's motion *in limine* that day.  No response has been filed.  Accordingly, the issues

are deemed fully briefed.

## ANALYSIS

District court judges have broad discretion in ruling on evidentiary questions presented

before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th

Cir.2002).  "'Federal district courts have the power to exclude evidence *in limine* pursuant to

their authority to manage trials.'" *Edsall v. CSX Transp., Inc.*, 2008 WL 244344, *1 (N.D. Ind.

January 28, 2008)(quoting *Dartey v. Ford Motor Co.*, 104 F.Supp.2d 1017, 1020 (N.D. Ind.

2000)).  A motion *in limine* should only be granted where the evidence is clearly inadmissible for

any purpose. *United States v. Caputo*, 313 F.Supp.2d 764, 768 (N.D. Ill. 2004). "Unless evidence

meets this high standard, evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne*

*Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993).

This Court's rulings on the parties' motions *in limine* are conditional. *See Wilson v.*

*Williams*, 182 F.3d 562, 567 (7th Cir.1999) (suggesting district courts specify whether rulings on

motions *in limine* are conditional or definitive). in *Hawthorne Partners*, the court stated:

> Denial of a motion *in limine* does not necessarily mean that all evidence
> contemplated by the motion will be admitted at trial. Denial merely means that
> without the context of trial, the court is unable to determine whether the evidence
> in question should be excluded. The court will entertain objections on individual
> proffers as they arise at trial, even though the proffer falls within the scope of a
> denied motion *in limine*.

831 F.Supp. at 1401 (internal citations omitted). Many of the issues raised in the pending

motions *in limine* are pretrial requests for an evidentiary ruling.  To the extent that the parties

seek pretrial evidentiary rulings, the Court declines to do so.  As to those specific evidentiary

rulings, the Court will deal with those issues as they come up in trial when the context can be

determined.  Any issues excluded through these motions *in limine* must be discussed outside the

presence of the jury if they arise during the course of trial. With these guidelines in mind, the

Court turns to the motions before the it.

**I.  Plaintiff's Motion *in Limine* (DE 105)**

Plaintiff filed his motion *in limine* on May 16, 2008, seeking to have four types of

evidence excluded.  The Defendant objects to all aspects of Plaintiff's motion *in limine*.

A.     Plaintiff's Motion *in Limine* to Exclude Any Reference to Plaintiff's Criminal
       History, Including Plaintiff's Guilty Plea to Resisting Law Enforcement in

Regards to this Case

Plaintiff seeks to exclude any reference to Bill VanGilder's criminal history, including his guilty plea to resisting law enforcement in regards to this case on the basis that it is not relevant per Fed. R. Evid. 402.  Defendant asserts that the relevancy of the Plaintiff's guilty plea goes to the heart of this case.  Defendant stated that VanGilder testified under oath in his deposition and it has been noted in Plaintiff's Trial Brief that he alleges that he never kicked Officer Baker in the head.  However, Officer Baker sustained a concussion, and in order to control VanGilder, Officer Baker admittedly struck VanGilder several times in the face, causing black eyes and an orbital bone injury or fracture.  Defendant states that there is contrary eye-witness testimony and circumstantial evidence as to Officer Baker's injury.  Finally, Defendant cites Fed. R. Evid. 607, which permits the cross-examination of a witness about contradictory testimony (re: credibility).

Here, VanGilder testified at his deposition and at the sentencing hearing in *State of Indiana v. VanGilder* that he never kicked Officer Baker in the head.  There is contrary eye-witness testimony.  Accordingly, Plaintiff's motion to exclude any reference to Bill VanGilder's guilty plea to resisting law enforcement in regards to this case is **DENIED**.  *See U.S. v. Benedetto*, 571 F.2d 1246, 1250-51 (2d Cir. 1978) (evidence of a witness's past criminal acts was properly admitted to impeach that witness where the defendant had testified that he did not commit certain acts).  As this motion *in limine* pertains to Plaintiff's criminal history in other regards, the Court reserves ruling until it hears the evidence.

B.      Plaintiff's Motion *in Limine* to Exclude Any Reference to Other Witnesses' Fear, Emotions, or Concerns During VanGilder's Contact with Officer Baker

Plaintiff seeks to exclude any reference to other witnesses' fear, emotions, or concerns

3

during VanGIlder's contact with Officer Baker pursuant to Fed. R. Evid. 402.  According to

Plaintiff, those matters have nothing to do with and are irrelevant to a consideration of whether

Officer Baker's conduct was objectively reasonable.  The Defendant responded, stating that a

persons's state of mind testimony is admissible under Fed. R. Evid. 401 and 402 because it has

any tendency to make the existence of any fact that is of consequence more or less probable than

it would be without the evidence.  Defendant contends that this evidence is also admissible under

Fed. R. Evid. 803(3) because it is a statement of the witness's then existing state of mind,

emotion, etc.  Rule 803(1) does not exclude testimony as to present sense impressions that are

statements describing or explaining an event or condition made while the declarant was

perceiving the event or condition or immediately thereafter; Rule 803(2) allows such testimony if

it relates to a startling event while under the stress of excitement caused by the event.

        The parties have indicated that witnesses Knowles, Sayre, Mulvey, and Eppler will

testify.  They have firsthand knowledge as eyewitnesses, observers, or as one who overheard the

conversation between VanGilder and Officer Baker.  They are competent to testify as to whether

their perceptions encompassed fear, emotions, or concerns.  Because the testimony at issue here

is rationally based on witnesses' perceptions and is helpful to a clear understanding of a fact or

issue, and because it is not unduly prejudicial, it is admissible.  *U.S. v. Goodoak*, 836 F.2d 708,

713-14 (1st Cir. 1988).  *See also Fireman's Fund Insurance Company v. Alaska Pride

Partnership*, 106 F.3d 1465, 1468 (9th Cir. 1997); *U.S. v. Curtain*, 489 F.3d 935, 943 (9th Cir.

2007); *Scheerer v. Hardy's Food Systems, Inc*., 148 F.3d 1036, 1038 (8th Cir. 1998).  As such,

Plaintiff's motion to exclude any reference to other witnesses' fear, emotions, or concerns during

VanGIlder's contact with Officer Baker is **DENIED**.

C.    Plaintiff's Motion *in Limine* to Exclude Any Reference to Steel-toed Boots

Plaintiff seeks to exclude any reference to steel-toed boots, pursuant to Fed. R. Evid. 602, on the basis that no witness is qualified to give this opinion.  Jennifer Knowles examined the boots utilized by VanGilder to kick Officer Baker in the head.  She stated that they appeared to her to be steel-toed.  Her personal knowledge based upon her examination is admissible.  Thus, Plaintiff's motion to exclude any reference to steel-toed boots is **DENIED**.

D.    Plaintiff's Motion *in Limine* to Exclude Any Commentary by Any So-Called "Expert" as to Whether Officer Baker's Conduct was or was not Excessive

Plaintiff seeks to exclude any commentary by expert witnesses as to whether Officer Baker's conduct was or was not excessive.  Plaintiff states that this type of testimony invades the province of the jury and does not satisfy the requirements of Fed. R. Evid. 702.  In response, Defendant asserts that Plaintiff's motion *in limine* does not meet the required specificity to support a motion in limine to deny Lieutenant Guthrie's testimony.  Moreover, the record demonstrates that the expert report and revelation of the expert was served on Plaintiff's counsel approximately one year ago with Supplemental Rule 26 disclosures.  VanGilder had sufficient time to depose the expert to determine the grounds, if any, to object to the report, but failed to do so.  Accordingly, Plaintiff's motion *in limine* in this regard is **DENIED**.

## II. Defendant's Motion *in Limine* (DE 102)

Defendant filed his motion *in limine* on May 15, 2008, seeking to have seven types of evidence excluded.  The Plaintiff has not yet filed a response.

A.    Defendant's Motion *in Limine* to Exclude the Fact that Officer Baker is, or may be, Insured Against Liability on the Claims Alleged in this Case

Defendant seeks to exclude the fact that Officer Baker is, or may be, insured against

liability on the claims alleged in this case, pursuant to Fed. R. Evid. 411.  Defendant states that

Fed. R. Evid. 411 excludes the admission of evidence as to whether any person was or was not

insured against liability.  Defendant also seeks to preclude voir dire examination about the

ownership of stock in any particular insurance company or interest held in connection with any

insurance company.  According to Defendant, allowing such voir dire questions would

circumvent the purpose and intend of Fed. R. Evid. 411 and would place the idea in the jurors'

minds that an insurance company has an interest in this case.

> Rule 411 of the Federal Rules of Evidence states that:
>
> [e]vidence that a person was or was not insured against liability is not admissible
> upon the issue whether the person acted negligently or otherwise wrongfully. This
> rule does not require the exclusion of evidence of insurance against liability when
> offered for another purpose, such as proof of agency, ownership, or control, or
> bias or prejudice of a witness.

Here, evidence of Officer Baker's insurance is not admissible absent a showing on the part of

VanGilder that he intends to use the information for some alternate purpose set forth in the

second sentence of rule 411.  *See King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006).  Because

Plaintiff has made no such alternate showing, Defendant's motion *in limine* on the issue of

Defendant's insurance against liability must be **GRANTED**.

      B.      Defendant's Motion *in Limine* to Exclude Offers of Settlement or any Other
             Settlement Negotiations

Defendant seeks to exclude the fact that the parties have discussed offers of settlement

and counter-offers.  Defendant contends that such offers are not admissible to prove liability and

should be excluded.

> Rule 408 of the Federal Rules of Evidence prohibits the admission into evidence of the

fact of an offer or promise to compromise, or statements made during a settlement negotiation.

The purpose of Rule 408 is to encourage litigants to engage in settlement discussions without

fear that what they say will return to haunt them.  Here, the parties both acknowledged at the time

that offers of settlement & counteroffers were made that they were, in fact, engaging in

settlement negotiations.  Therefore, the Defendant is entitled to the protections provided by Fed.

R. Evid. 408, and the Defendant's motion *in limine* is **GRANTED**.

> C.   Defendant's Motion *in Limine* to Exclude Any and All Complaints or Allegations Relating to the Handling of Other Suspects, Arrestees, or Detainees, Including but not Limited to Claims of Excessive Force by Officer Baker or Any Other Members of the Lafayette Police Department

Defendant states that these complaints or allegations should be excluded pursuant to Fed.

R. Evid. 401, 402, 403, 404, and 608.  Specifically, Defendant relies on Fed. R. Evid. 404(b),

which prohibits the introduction of evidence of prior acts and conduct to prove how a person

acted on the occasion at issue, and Fed. R. Evid. 608(b), which prohibits introduction of specific

instances of conduct for purposes of attacking or supporting the character for truthfulness.

Defendant also asserts that such evidence would also confuse the issues in this case, mislead the

jury, waste time, and unduly prejudice the defendant.

Here, there is no policy or practice claim against the City.  Because there is no evidence

of a pattern of incidents, such testimony is not material to a resolution of the issues in this case.

Moreover, Plaintiff has proffered no evidence or claim that this evidence will be used to

demonstrate other than a pattern of conduct.  Accordingly, Defendant's motion in limine is

**GRANTED**.

> D.   Defendant's Motion *in Limine* to Exclude Any and All Complaints or Allegations of Improper Conduct by Officer Baker on Any Other Occasion

Defendant seeks to exclude any and all complaints or allegations of improper conduct by Officer Baker on any other occasion pursuant to Fed. R. Evid. 401, 402, 403, 404, and 608. Defendant contends that this testimony will only confuse the jury, waste time, and unduly prejudice the Defendant.  For the reasons set forth in section (E) *supra*, Defendant's motion *in limine* is **GRANTED**.

> E.      Defendant's Motion *in Limine* to Exclude Any and All Prior Disciplinary Actions Taken Against Officer Baker by the Lafayette Police Department

Defendant seeks to exclude, pursuant to Fed. R. Evid. 401, 402, 403, 404, and 608,  any and all prior disciplinary actions taken against Officer Baker by the Lafayette Police Department. Specifically, Defendant asserts that Fed. R. Evid. 608(b) prohibits introduction of specific instances of conduct for purposes of attacking or supporting the character for truthfulness, and Fed. R. Evid. 404(b) prohibits the use of evidence of other crimes, acts, or wrongs to prove character or conformity therewith.  Accordingly, Defendant contends that testimony on these issues will only confuse the jury, waste time, and unduly prejudice the defendant.

Evidence of other unrelated disciplinary actions is not admissible by either party to show that Officer Baker acted in conformity with his character, Fed. R. Civ. P. 404(b), regardless of whether Officer Baker "opens the door" to the use of such evidence.  "Evidence of other acts is admissible only if it is not offered to show action in conformity with character." *Munley v. Carlson*, 125 F.Supp.2d 1117 (N.D. Ill. 2000).  Because VanGilder has not offered any alternative purposes for the evidence of other disciplinary actions, is must be excluded. Defendant's motion *in limine* is **GRANTED**.

> F.      Defendant's Motion *in Limine* to Exclude Any and All Medications Which Officer Baker has been Prescribed by his Physician Which Officer Baker had

Been Taking Before, On, or After the Incident of June 21, 2001

In his deposition, Officer Baker testified that his family physician placed him on Paxil for anxiety over issues of his religious faith.  He testified that after joining a church in August 2001, the anxiety difficulties disappeared.  Defendant seeks to exclude this evidence pursuant to Fed. R. Evid. 401, 402, 404, and 608, stating that this testimony will only confuse the jury, waste time, and unduly prejudice the defendant.

Rule 404 of the Federal Rules of Evidence prohibits inadmissible character evidence and also prohibits such evidence when the probative value is outweighed by the danger of unfair prejudice or confusion of the issues.  Because it is not clear from the evidence before the Court whether the probative value of this evidence is outweighed by the danger of unfair prejudice, the Court reserves for trial its judgment on the admissibility of information that Officer Baker had been prescribed medication (specifically, Paxil) before, on, or after the incident of June 21, 2001.

G.     Defendant's Motion *in Limine* to Exclude the Juvenile Record of Officer Baker

At Officer Baker's deposition, a line of questioning with continuing objection occurred with respect to Officer Baker having been arrested as a juvenile.  Defendant seeks to exclude Officer Baker's juvenile record, pursuant to Fed. R. Evid. 401, 402, 403, 404, and 608, because the testimony will only confuse the jury, waste time, and unduly prejudice the defendant.

Rule 404(b) provides that the use of evidence of other crimes, acts, or wrongs to prove character or conformity therewith is prohibited.  Additionally, the Court finds that the probative value of this evidence is outweighed by the danger of unfair prejudice to the Defendant. Accordingly, Defendant's motion *in limine* to exclude the juvenile record of Officer Baker is **GRANTED**.

9

## CONCLUSION

Based on the foregoing, Plaintiff's motion *in limine* [DE 105] is denied.  Defendant's

motion *in limine* [DE 102] is granted in part and denied in part as stated above.  The trial in this

case will proceed as scheduled on Monday, June 2, 2008.

**SO ORDERED ON May 27, 2008.**


  **s/ Joseph S. Van Bokkelen**

**JOSEPH S. VAN BOKKELEN**
**UNITED STATES DISTRICT JUDGE**